| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 17-05171 SJO (ASx)   **DATE:** August 1, 2017

**TITLE:** Brian Fabre v. Michael T. Guich

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                      Not Present
Courtroom Clerk                                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                           Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO REMAND UNLAWFUL DETAINER TO STATE COURT** [Docket No. 6]

This matter is before the Court on Plaintiff Brian Fabre's ("Plaintiff") Ex Parte Application for Order to Remand Unlawful Detainer to State Court ("Application"), filed July 28, 2017. Defendant Michael T. Guich ("Defendant"), proceeding *pro se*, was served with the Application on July 24, 2017 and did not file an Opposition. For the following reasons, the Court **GRANTS** the Application and **REMANDS** the action to the Los Angeles County Superior Court, Pasadena.

This is an unlawful detainer action, initially filed in Los Angeles County Superior Court on May 31, 2017. (Notice of Removal ("Removal"), ECF No. 1, Ex. 1 Compl.) On July 13, 2017, Defendant removed the action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441. (Removal 2.) Defendant argues that federal question exists "because Defendant's Demurrer, a pleading depend [*sic*] on the determination of Defendant's rights and Plaintiff's duties under federal law." (Removal ¶ 10.)

Defendant's removal of the action is meritless. An action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (internal citations omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted). "Under the 'well-pleaded complaint' rule, a defendant may not remove such a case to federal court unless the **plaintiff's** complaint establishes that the case 'arises under' federal law within the meaning of § 1331, and it may not be removed on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the complaint and both parties admit that the defense is the only question truly at issue." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for So. Cal.*, 463 U.S. 1, 2 (1983) (emphasis in original) (citation omitted). Federal question jurisdiction "exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint**." *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007)

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
|---|---|---|

**CASE NO.:** CV 17-05171 SJO (ASx)     **DATE:** August 1, 2017

(emphasis added) (internal quotation marks and citations omitted). Thus, "the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotation marks and citation omitted).

Here, Plaintiff's Complaint alleges one cause of action–unlawful detainer–which is a state law claim. Under the well-pleaded complaint rule, Defendant's Demurrer cannot constitute the basis for federal jurisdiction. Moreover, even if Defendant removed the action based on diversity jurisdiction–which it did not–subject matter jurisdiction would still be lacking because Defendant did not show that the parties are diverse nor that the threshold amount is satisfied. *See* 28 U.S.C. § 1332(a). Indeed, Plaintiff's Complaint states that the amount demanded "does not exceed $10,000," (Compl. 1), and the alleged damages of $66.67 per day from May 27, 2017 to the present would fall far below the $75,000 threshold. (*See* Compl. ¶ 12.) Subject matter jurisdiction is clearly lacking.

The Court **GRANTS** Plaintiff's Ex Parte Application and **REMANDS** the action to the Superior Court of Los Angeles County, Pasadena. This case shall close.

IT IS SO ORDERED.